# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| DARIA A. WARE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:19-CV-2112 CAS |
| | ) |
| LUMIERE PLACE CASINO, et al., | ) |
| | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on defendant TEI (ES), LLC's motion for partial dismissal and defendant Ayman Gurguis's motion to dismiss. Plaintiff Daria Ware opposes both motions and they are fully briefed. For the following reasons, both motions will be granted in part and denied in part.

**I.    Background**

On July 19, 2019, plaintiff filed this lawsuit against Lumiere Place Casino and Ayman Gurguis ("Gurguis") using the Court's pre-printed Employment Discrimination Form. Doc. 1. On August 14, 2019, after retaining legal counsel, plaintiff filed an amended complaint dismissing Lumiere Place Casino and adding defendant TEI (ES), LLC d/b/a Lumiere Place Casino & Hotels ("Lumiere"). Doc. 4. Plaintiff's amended complaint alleges she was subjected to discrimination based on her sex and race and retaliatory termination.

Plaintiff, an African-American woman, began her employment with Lumiere on March 8, 2014. She was promoted to Front Office Supervisor on March 27, 2017. In this role, plaintiff was supervised by Front Office Manager Gurguis, an Egyptian-American male. Plaintiff alleges she

was subjected to a hostile work environment as a result of Gurguis's unwelcome comments and behaviors, which included: (1) touching her thigh; (2) squeezing her arms; (3) excessive staring; (4) requesting her to exit the elevator first so he could watch her body as she exited; (5) telling her that in his country women do not speak the way she speaks to men in authority; (6) telling her that if he was 20 years younger he would warm her up; (7) standing uncomfortably close to her; (8) asking if he needed to teach her Arabic to understand his instructions; and (9) directing her to assign darker-skinned women to work in the back of the hotel and lighter-skinned women to work the front desk, regardless of their respective qualifications.

In April of 2017, plaintiff reported Gurguis's behavior to Veronica Payne, Lumiere's human resources representative. Plaintiff states she was told Gurguis was "under investigation," but his behavior did not change, and he continued to be her supervisor. Plaintiff alleges she began to experience physical manifestations due to the hostile work environment, such as chest pains, shortness of breath, stomach aches, headaches, and dizziness. Plaintiff requested from Lumiere and was granted a medical leave of absence from June 21, 2017 to August 14, 2017. After receiving no response from Payne regarding the status of Lumiere's investigation of Gurguis, plaintiff provided a written "involuntary resignation" to Lumiere for the reason that the hostile environment was jeopardizing her health. Plaintiff's last day of employment was August 14, 2017.

On August 24, 2017, Lumiere's HR Manager, Carla Shelby, requested to speak with plaintiff. Shelby asked plaintiff why she had reported Lumiere to the Equal Employment Opportunity Commission ("EEOC"). Plaintiff explained she had complained to Payne in April 2017, but nothing was done about Gurguis's behavior. Gurguis remained employed at Lumiere following plaintiff's meeting with Shelby.

2

Plaintiff's amended complaint alleges the following counts: sex discrimination in violation of Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. § 2000e-2(a) ("Title VII") against defendant Lumiere (Count I); race discrimination in violation of Title VII against defendant Lumiere (Count II); retaliation in violation of Title VII against Lumiere (Count III); gender discrimination in violation of the Missouri Human Rights Act, § 213.055 Mo. Rev. Stat. ("MHRA") against Lumiere and Gurguis (Count IV); race discrimination in violation of the MHRA against Lumiere and Gurguis (Count V); and retaliation in violation of the MHRA against Lumiere and Gurguis (Count VI). Plaintiff seeks compensatory and punitive damages and injunctive relief.

In his motion to dismiss, Gurguis seeks to dismiss plaintiff's gender discrimination, race discrimination, and retaliation claims under the MHRA (Counts IV, V, and VI), which would effectively dismiss him as a defendant in this lawsuit. Gurguis argues plaintiff has failed to exhaust her administrative remedies because she did not check the boxes for "color" and "retaliation" on her EEOC Charge of Discrimination form (the "charge"). Gurguis also takes issue with the fact that plaintiff did not name him as a respondent in the charge, preventing him from defending himself during the EEOC proceedings. Gurguis additionally argues the claims alleged against him must be dismissed because they are time barred under the MHRA.

Similarly, in its motion to dismiss, Lumiere seeks to dismiss plaintiff's gender discrimination, race discrimination, and retaliation claims under both the MHRA and Title VII

(Counts II, III, IV and V) for failure to exhaust administrative remedies. Lumiere also argues plaintiff's claims under the MHRA must be dismissed because they are time barred.[1]

**II.    Discussion**

   A. Exhaustion of Administrative Remedies

      1. *Color Discrimination: Counts II and V*

Defendants Lumiere and Gurguis argue in their respective motions to dismiss that plaintiff's asserted claims of "skin color discrimination" included within her Title VII race discrimination claim (Count II) and her MHRA race discrimination claim (Count V) should be dismissed for failure to exhaust administrative remedies. Defendants cite to the charge plaintiff filed with the EEOC, in which she checked the boxes for "race" and "sex," but left the box for "color" blank. Doc. 4-1.

To exhaust administrative remedies, an individual must timely file a charge of discrimination with the EEOC setting forth the facts and nature of the charge. 42 U.S.C. § 2000e–5(b), (c), (e). "Exhaustion requires a claimant to give notice of all claims of discrimination in the administrative complaint, but administrative complaints are interpreted liberally." Price v. Harrah's Maryland Heights Operating Co., 117 F. Supp. 2d 919, 921 (E.D. Mo. Aug. 21, 2000) (citing Cobb v. Stringer, 850 F.2d 356, 359 (8th Cir. 1988)). The general rule in the Eighth Circuit is that "[a] plaintiff will be deemed to have exhausted administrative remedies as to allegations contained in a judicial complaint that are like or reasonably related to the substance of charges

---

[1] The arguments presented by Lumiere and Gurguis are so substantially similar that Gurguis's reply in support of his motion to dismiss "adopts the arguments made by Defendant [Lumiere]." Doc. 28 at 2.

timely brought before the EEOC." Wallin v. Minn. Dep't of Corr., 153 F.3d 681, 688 (8th Cir. 1998) (quoting Williams v. Little Rock Mun. Water Works, 21 F.3d 218, 222 (8th Cir. 1994)).

"To determine whether the allegations of a complaint are reasonably related to claims of discrimination in an administrative charge, courts customarily look to the substance of the administrative charge." Almoghrabi v. GoJet Airlines, LLC, 2015 WL 1061118, at *4 (E.D. Mo. Mar. 11, 2015). "[C]ourts have held that claims for discrimination based on color may be reasonably inferred from the facts alleged in an administrative charge, notwithstanding a plaintiff's failure to check the box for color discrimination." Id. at *5. For example, in Gul–E–Rana Mirza v. Neiman Marcus Group, Inc., 649 F. Supp. 2d 837, 854 (N.D. Ill. May 6, 2009), the plaintiff stated in her administrative charge of discrimination that she was discriminated against "because of [her] race, Pakistani, and [her] religion, Muslim." Id. The court reasoned "it [was] hardly obvious how allegations of discrimination based on race and national origin would throw the EEOC's investigators off the scent of a claim of discrimination based on color" simply because of "a missed checkbox and the omission of the word 'color.'" Id. at 856. The court denied the defendant's motion for summary judgment with respect to the plaintiff's claim of discrimination based on color. Id.

In the instant case, plaintiff's color discrimination claims under Title VII and the MHRA are reasonably related to her race claim as they are based on the same facts. In her EEOC charge, plaintiff stated she "and other African-American females were subjected to racist comments" and her supervisor "made negative comments about dark skinned African-American employees." Read liberally, this suggests an allegation of color discrimination, which is reasonably related to her allegation of race discrimination. See Almoghrabi, 2015 WL 1061118, at *4 (finding race and

color allegations to be intertwined). Thus, the Court will not dismiss plaintiff's color discrimination claims brought under Title VII and the MHRA.

> 2. *Retaliation: Counts III and VI*

Defendants Lumiere and Gurguis argue in their respective motions to dismiss that plaintiff's asserted claims of retaliation should be dismissed for failure to exhaust administrative remedies. Defendants cite to plaintiff's EEOC charge, in which she checked the boxes for "race" and "sex," but left the box for "retaliation" blank. Doc. 4-1.

As previously discussed, the fact plaintiff failed to check the "retaliation" box is not determinative. Instead, the Court must look to the substance of plaintiff's administrative charge and determine whether the retaliation claims "are like or reasonably related to the substance of charges timely brought before the EEOC." Wallin, 153 F.3d at 688. "[T]he Eighth Circuit has held numerous times that retaliation claims are not reasonably related to underlying claims of discrimination." Nichols v. ABB DE, Inc., 324 F. Supp. 2d 1036, 1045 (E.D. Mo. Apr. 29, 2004) (citing Wallin, 153 F.3d at 688). Thus, the Court must dismiss plaintiff's retaliation claims under Title VII and the MHRA (Counts III and VI) unless the retaliation claims grew out of the discrimination charges plaintiff filed with the EEOC. See id.

To establish a retaliation claim under Title VII, an employee must show she engaged in statutorily protected conduct, she suffered an adverse employment action, and the protected conduct was a but-for cause of the adverse action. McCullogh v. Univ. of Ark. for Med. Sciences, 559 F.3d 855, 864 (8th Cir. 2009). To establish a retaliation claim under the MHRA, an employee must show she suffered an adverse employment action and her protected status contributed to the

employer's decision to take the adverse action. See Daugherty v. City of Maryland Heights, 231 S.W.3d 814, 820 (Mo. 2007) (en banc).[2]

In the narrative portion of the EEOC charge, plaintiff did not include any facts to support a retaliation claim. Plaintiff did not allege she experienced an adverse employment action because she complained to Lumiere's human resource department about the discriminatory conduct of her supervisor. Plaintiff only stated the "harassment continued" after she reported Gurguis to Lumiere's HR department.

Plaintiff's charge was highly specific: "I believe myself and others have been discriminated against due to our race, African American and our sex, female[.]" Doc. 4-1. Based on the narrative plaintiff provided in her EEOC charge, the Court finds the EEOC would not have been on notice that plaintiff intended to allege a retaliation claim, because her gender discrimination and race discrimination claims are not like or reasonably related to a claim for retaliation. Thus, the Court will dismiss plaintiff's retaliation claims under Title VII and the MHRA for failure to exhaust administrative remedies.

       3.   *Failure to Name Gurguis as a Respondent in the Charge of Discrimination*

Defendant Gurguis argues plaintiff's failure to name him as a respondent in the charge, despite referring to him by name in the narrative portion, is grounds for his dismissal in the instant

---

[2] The Court will apply the contributing factor standard to plaintiff's MHRA claims because the cause of action accrued prior to August 28, 2017. In 2017, the Missouri legislature amended the MHRA, and the amendment went into effect on August 28, 2017. Jordan v. Bi-State Dev. Agency, 2018 WL 3977158, at *1 n.1 (Mo. Ct. App. Aug. 21, 2018). Prior to the amendment, "an employer violated the MHRA if, in taking an adverse employment action, the employee's protected status contributed in any way to the employer's decision to take the adverse action." Gilberg v. Associated Wholesale Grocers, Inc., 2018 WL 3614982, at *9 (W.D. Mo. July 27, 2018). Post amendment, an employer violates the MHRA if the employee's protected status was the motivating factor in an adverse employment action. See id.

action. Gurguis states he was not aware plaintiff asserted a claim against him until he was served with the amended complaint and was not allowed to "properly defend himself" or "participate in any underlying investigation of said charge." Doc. 23 at 3.

The Court does not agree with Gurguis's argument. Gurguis is named in the narrative portion of plaintiff's EEOC charge as the source of discriminatory conduct. Gurguis has not provided this Court with any evidence – as opposed to mere argument of counsel – showing he was, in fact, unaware of plaintiff's EEOC charge or that he was not given the opportunity to participate in specific conciliation proceedings. See, e.g., Henry v. E.G. & G. Missouri Metals Shaping Co., 837 F. Supp. 312, 314 (E.D. Mo. Nov. 19, 1993) (declining to dismiss a supervisor defendant who did not submit evidence of how he was not given the opportunity to participate in conciliation proceedings or evidence that he was unaware of plaintiff's EEOC charge; finding an identity of interest between the supervisor and the named party). Moreover, even if Gurguis did not personally participate in conciliation efforts, "a supervisor has an adequate opportunity to conciliate when the employer had such an opportunity and the supervisor's conciliation interests would be commensurate with his employer's." Kizer v. Curators of Univ. of Missouri, 816 F. Supp. 548, 551 (E.D. Mo. 1993). Gurguis has not stated which conciliation efforts he failed to be a part of or how Lumiere's involvement in such proceedings, if any, were not commensurate with his interests.

Additionally, "Missouri courts . . . recognize supervisor liability under the MHRA." Dalton v. Painters Dist. Council No. 2, 2011 WL 5444568, at *4 (E.D. Mo. Nov. 10, 2011) (citing Hill v. Ford Motor Co., 277 S.W.3d 659, 669 (Mo. 2009) (en banc)). In Dalton, plaintiff named only the painters union as the respondent, but named her supervisor in the particulars of the charge. The Court declined to dismiss plaintiff's MHRA claims against the supervisor because of the

potential for supervisor liability under Missouri law. Gurguis did not address supervisor liability in his motion to dismiss or how such liability would not apply to him under the MHRA.

Following the prior decisions of this Court, Gurguis will not be dismissed from this action due to plaintiff's oversight in naming him as a respondent in her EEOC charge.

B. <u>Statute of Limitations: Counts IV, V, and VI</u>

Defendants Lumiere and Gurguis argue in their respective motions to dismiss that plaintiff's claims of gender discrimination, race discrimination, and retaliation under the MHRA should be dismissed because plaintiff filed these claims outside the applicable statute of limitations.[3]

The MHRA provides that "any action brought in court under this section shall be filed within ninety days from the date of the commission's notification letter to the individual but no later than two years after the alleged cause occurred or its reasonable discovery by the alleged injured party." Mo. Rev. Stat. § 213.111(1). Plaintiff received her Notice of Right to Sue from the Missouri Commission on Human Rights on July 10, 2019, which included the following language: "Please note that your cause of action may be beyond the 2-year statute of limitations which may prevent you from pursuing your claim in court." Doc. 4-3. Plaintiff filed the instant lawsuit in this Court on July 19, 2019. Doc. 1.

Plaintiff alleges she was on medical leave from June 21, 2017 to August 14, 2017 as a result of health issues caused by the discriminatory behavior of her supervisor, Gurguis. While on medical leave, plaintiff submitted a written "involuntary resignation," notifying Lumiere her last day of employment would be August 14, 2017 and the reason for resignation was because the

---

[3] Defendant's motion is moot as to Count VI, the MHRA retaliation claim, as the Court has determined the claim was not administratively exhausted.

hostile environment was "jeopardizing her health." Doc. 4 at ¶ 23. On August 24, 2017, plaintiff was asked to meet with Lumiere's HR Manager Carla Shelby. Id. ¶ 24. During that meeting, plaintiff informed Shelby that if Gurguis remained employed by Lumiere, she could not continue her employment and would have to maintain her resignation. Id. ¶¶ 27-20.

Defendants Lumiere and Gurguis argue plaintiff was required to bring her claim within two years of June 21, 2017 because "she could not have been harassed after June 21, 2017 as her voluntary leave of absence necessarily ended the alleged harassment." Doc. 27 at 2. However, neither Lumiere nor Gurguis cite any case law to support their argument that the time during which plaintiff remained employed by Lumiere, up until the date of her resignation, would not be within the time the "alleged cause occurred" pursuant to the MHRA. Defendants do not deny plaintiff was absent from work between June 21, 2017 and August 14, 2017 as the result of an approved medical leave. Defendants also do not deny plaintiff informed Lumiere that the reason for her leave was because of the physical manifestations caused by the alleged hostile work environment and discriminatory conduct of Gurguis.

Thus, defendants have not met their burden of proving that a dismissal of plaintiff's MHRA claims is warranted under the applicable statute of limitations. See Lomax v. Sewell, 1 S.W.3d 548, 552 (Mo. Ct. App. 1999) ("The party asserting the affirmative defense of the running of the applicable statute of limitations has the burden of not only pleading but proving it."). The Court will not dismiss plaintiff's gender or race discrimination claims (Counts IV-V) brought under the MHRA on the basis that they were untimely filed.

Accordingly,

**IT IS HEREBY ORDERED** that defendant TEI (ES), LLC d/b/a Lumiere Place Casino & Hotels partial motion to dismiss is **GRANTED in part** and **DENIED in part**. The motion is

**GRANTED** as to Counts III and VI of plaintiff's complaint for failure to exhaust administrative remedies and **DENIED** in all other respects. [Doc. 19].

**IT IS FURTHER ORDERED** that defendant Ayman Gurguis' motion to dismiss is **GRANTED in part** and **DENIED in part**. The motion is **GRANTED** as to Count VI of plaintiff's complaint for failure to exhaust administrative remedies and **DENIED** in all other respects. [Doc. 22].

An appropriate order of partial dismissal will accompany this Memorandum and Order.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this   10th   day of December, 2019.